FORT SMITH SEED COMPANY *v.* JONES, SHERIFF.

4-5596                                                    132 S. W. 2d 364

Opinion delivered October 23, 1939.

*J. F. Quillin*, for appellant.

Humphreys, J. On April 19, 1932, appellant, a corporation, obtained a judgment against Albert Robertson and Maye Robertson for $294.40 in the circuit court of Polk county, on appeal from a magistrate's court in said county.

On September 23, 1938, an execution was issued upon the judgment and levied upon lands belonging to Albert Robertson and Maye Robertson described as follows, to-wit:

Lot 27 in Hornbeck Place Addition, and lots 1, 2, 3 and 4 of Reeves' Subdivision of lot 28 of said Hornbeck Place Addition to the city of Mena, Arkansas.

On October 15, 1938, said lands were sold under the execution pursuant to law by W. E. Jones, sheriff of the county, and purchased by J. B. Wallace, Sr., the highest bidder, for $326, which amount was insufficient to pay the judgment and accrued interest and costs. The lands were sold on a credit of three months and on January 16, 1939, the purchaser paid the total amount of his bid to the sheriff, whereupon, appellant requested the sheriff to pay said sum to it less costs, which he refused to do without an order of the court.

Thereupon appellant filed a petition in said court for a writ of mandamus to compel the sheriff to pay the proceeds of the sale of the lands to it to apply on its judgment. Summons was issued on the petition and W. E. Jones, sheriff, accepted service of same. The petition set out all the proceedings had and done in

the case from the time suit was filed by appellant against Albert Robertson and Maye Robertson in the magistrate's court.

On the 18th day of January, 1938, appellant by its attorney appeared in court and W. E. Jones, sheriff, appeared in person and both sides announced ready for trial. The cause was submitted to the court upon the record with the result that the court denied the petition for a writ of mandamus, to which appellant excepted and prayed an appeal to the Supreme Court, which was granted.

The necessary steps to perfect its appeal having been taken the cause is before us for determination, the sole question being whether at an execution sale of real estate, when a stranger to the suit becomes the purchaser, is the sheriff required to deliver the purchase money to the execution creditor when the same is received, or is he permitted to wait until the time for redemption of the judgment debtor has expired? By § 5341 of Pope's Digest it is provided that: "When any real estate, or interest therein, is sold under execution, the same may be redeemed by the debtor from the purchaser, or his vendees, or the personal representatives of either, within twelve months thereafter."

In § 5342 of Pope's Digest it is provided that: "The debtor may, at any time within twelve months, pay to the clerk of the court where the execution issued the purchase money, with fifteen per cent., per annum, and all lawful charges, and take his receipt therefor. Such money shall be held by the clerk for the use of the purchaser, and he shall be responsible upon his official bond therefor. Such clerk shall indorse upon the execution book that such redemption has been made."

It will be observed by reference to § 5341 of Pope's Digest that the redemption by the debtor is from the purchaser at the sale and not from the sheriff.

It will be observed by reference to § 5342 of Pope's Digest that the method by which the redemption is to be effected is for the debtor to pay the clerk of the court from which the execution was issued the purchase

money, with fifteen per cent., per annum and all lawful charges and take his receipt therefor and that the money shall be held by the clerk for the use of the purchaser and that the clerk shall be responsible upon his official bond for the money.

There is no provision in the statute for the owner of the property sold under execution to redeem the land from the sheriff. The money received by the sheriff from the purchaser was for the purpose of paying the amount to the judgment creditor and upon his failure to do so a penalty is imposed upon him by § 5374 of Pope's Digest.

The court erred in denying the writ and the cause is reversed and remanded with directions to the circuit court to grant the writ.